IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GERALD LEWIS AUSTIN, #A1076082, | ) ) ) | CIV. NO. 11-00691 SOM-BMK |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND |
| vs. | ) ) | |
| CORRECTIONAL OFFICER VAN WINKLE, CORRECTIONAL OFFICER PEPPERS, INMATE ALWYEN PADILLA, CORRECTIONAL SEARGENT SALAS | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND**

Before the court is *pro se* Plaintiff Gerald Lewis Austin's prisoner civil rights complaint. Austin is incarcerated at the Halawa Correctional Facility ("HCF") and is proceeding *in forma pauperis*. [ECF #4.] Austin names Adult Correctional Officer ("ACO") Van Winkle ("Van Winkle"), ACO Peppers, ACO Sergeant Salas, and inmate Alwyen Padilla ("Padilla"), as defendants, alleging that they confiscated or were otherwise responsible for the confiscation of Austin's personal property.

Austin's Complaint is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). Austin is granted leave to amend the Complaint, if possible, to cure the deficiencies detailed below.

//

//

## I. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed as a matter of law for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a

3

person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.   Austin's Claim's**

Austin states that, on or about July 10, 2011, ACO Van Winkle ordered Austin and his cellmate, Padilla, to strip and submit to a cell search.  *See* Compl., ECF #1, Count I.  The cell search turned up tattooing equipment that Austin claims was Padilla's.  *Id.* Count III.  Austin states that ACO Peppers confiscated both Padilla's and Austin's personal property.  Austin says that, even though Padilla has admitted that the tattooing equipment was his and has been sanctioned with thirty days in segregation, ACO Sergeant Salas refuses to return Austin's property.  Austin does not complain about the strip search, but protests only the confiscation of his personal property, seeking a million dollars and the return of his property.

**B.   Inmate Padilla is Dismissed**

Austin fails to allege any facts showing that Padilla either acted under color of state law or suggesting that Padilla violated Austin's constitutional rights.  While Padilla may have possessed the paraphernalia and may therefore be somewhat

responsible for the confiscation of Austin's property during the search of their cell, that does not equate to the requisite level of culpability needed to state a constitutional violation. Austin himself states that Padilla was negligent in leaving the equipment in their cell. *See e.g., Daniels v. Williams*, 474 U.S. 327, 328-29 (1986) (stating that § 1983 does not generally provide a remedy for negligence). Nor does Austin provide any facts suggesting that Padilla, an inmate, acted in concert in some way with prison officials in a deliberate effort to deprive Austin of constitutionally protected rights, such that he can be perceived as having acted under the color of state law. Padilla and any claims against him are DISMISSED.

**C.   Austin Otherwise Fails to State a Claim**

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). Neither negligent nor intentional deprivation of property states a due process claim under § 1983, however, if the deprivation was random and unauthorized. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding no claim under § 1983 for intentional destruction of prisoner's property); *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (finding no claim under § 1983 when state employee negligently lost prisoner's property), *overruled in part on other*

*grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  The availability of an adequate state post-deprivation remedy, such as a state tort action, precludes relief under § 1983 because the state remedy provides sufficient procedural due process.  *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994); *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (holding state statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process when state cannot foresee, and therefore provide meaningful hearing prior to, deprivation of property); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same).  Hawaii law provides that public employees are liable for torts in the same manner and to the same extent as private individuals under like circumstances.  Haw. Rev. Stat. § 662-2.  Because Hawaii expressly waives its immunity for its employees' torts, section 662-2 provides an adequate post-deprivation remedy for an inmate's alleged loss of property.

      Austin alleges that his personal property was confiscated without warning during a cell search that revealed illegal contraband.  He further alleges that Sergeant Salas told him his property would be returned to him, but has not returned it yet.  Such allegations, i.e., allegations of essentially random and unauthorized deprivations of personal property, do not state violations of federal constitutional rights.  Although such unauthorized deprivations of personal property may amount to

state law violations, they do not constitute federal due process violations. Consequently, Austin's allegations regarding the confiscation of his personal property fail to state a claim for relief under § 1983. Because Austin's claims are deficient as a matter of law, and leave to amend would be futile, the Complaint is DISMISSED with prejudice.

**D.   Leave to Amend**

The Complaint is DISMISSED for failure to state a claim. Although it appears unlikely, Austin may be able to cure the deficiencies in his claims with additional facts. Austin may file a proposed amended complaint on or before **December 12, 2011.** The proposed amended complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of federal constitutional or statutory rights.

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in an amended complaint are deemed waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

## IV.   CONCLUSION

IT IS HEREBY ORDERED that:

(1)  Austin's Complaint is DISMISSED for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2) Austin is GRANTED leave to file a proposed amended complaint curing the deficiencies noted above by **December 12, 2011.**  Failure to timely or properly amend the Complaint will result in dismissal of this action for failure to state a claim, and may be counted as strike pursuant to 28 U.S.C. § 1915(g).

(3)  The Clerk of Court is directed to mail a form prisoner civil rights complaint to Austin so that he may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 28, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Austin v. Van Winkle, et al.,* Civ. No. 11-00691 SOM-BMK, Order Dismissing Complaint With Leave to Amend; psa/ Screening/dmp/ 2011/Austin 11-691 SOM (dsm ftsc)