IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GERALD LEWIS AUSTIN, #A1076082, | ) ) ) | CIV. NO. 11-00691 SOM/BMK |
| Plaintiff, | ) ) | ORDER DENYING MOTION TO EXTEND TIME TO APPEAL AND |
| vs. | ) ) | REVOKING IN FORMA PAUPERIS STATUS |
| CORR'L OFFICER VAN WINLKE, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER DENYING MOTION TO EXTEND TIME TO APPEAL AND REVOKING IN FORMA PAUPERIS STATUS

On November 29, 2011, the court dismissed *pro se* plaintiff Gerald Lewis Austin's prisoner civil rights complaint for failure to state a claim. *See* ECF #5. Plaintiff was granted leave to amend to cure the complaint's pleading deficiencies. *Id.* Plaintiff was proceeding *in forma pauperis*. *See* ECF #4. On December 12, 2011, Plaintiff submitted a first amended complaint. ECF #6.

Plaintiff's amended complaint was virtually identical to the original Complaint, and did not address any of the court's noted deficiencies. *See id.* On December 20, 2011, the court dismissed the first amended complaint and action for Plaintiff's failure to state a claim or cure the original complaint's deficiencies. ECF #8. Judgment was entered that day. ECF #9.

On February 15, 2012, Plaintiff submitted a letter, dated February 13, 2012, to the Clerk of Court.[1] Plaintiff explains that he intends to file a notice of appeal in this action in approximately one week and seeks an extension of time to do so, so that he can make copies of his documents and resubmit an *in forma pauperis* application. *See* ECF #10. The court construes Plaintiff's letter as a motion to extend time to appeal. On February 21, 2012, Plaintiff submitted a new *in forma pauperis* application. *See* ECF #13.

## I. **Plaintiff's Motion for Extension of Time**

The deadline for filing a notice of appeal in this action was January 19, 2012. *See* Fed. R. App. 4(a)(1). That date can be extended until February 18, 2012, under Rule 4(a)(5), if the court construes Plaintiff's February 15, 2012 letter as a motion for an extension of time, and if Plaintiff's motion shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5).

Plaintiff, however, provides no adequate explanation showing good cause or excusable neglect for extending the time to appeal. *See* Fed. R. App. 4(a)(5)(A)(ii). To the contrary, Plaintiff's recent activity in this court suggests otherwise. Plaintiff has filed numerous actions, motions, amended pleadings,

---

[1] In this letter, Plaintiff also referenced two other cases in which he states he is intending to seek an extension of time to appeal. *See Austin v. Lau*, 1:11-cv-00672 SOM; *Austin v. Padilla*, 1:11-cv-00693 DAE. The letter has been filed in all three of Plaintiff's actions.

2

letters, exhibits, and appeals in his recently filed cases, yet provides no explanation or justification to extend the time to appeal in this case.² Plaintiff does not explain why he needed to make copies of his documents to perfect his appeal, or why he was unable to do so. Plaintiff is not required to file a new *in forma pauperis* application prior to filing his notice of appeal. Further, Plaintiff does not explain the basis for his appeal in this action or otherwise substantiate good cause for extending the time to appeal. Plaintiff's motion to extend the time to appeal is DENIED.

## II. **Plaintiff's In Forma Pauperis Status**

In light of Plaintiff's recent litigation history, and the insubstantial nature of his claims in this case, combined with his failure to provide any basis for this appeal, the court finds that any appeal here is frivolous and would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). As such, Plaintiff's *in forma pauperis* status in this action is REVOKED. To the extent Plaintiff's recent IFP application is intended as a request for IFP status on appeal, it is DENIED without prejudice to

---

² Plaintiff has recently filed eight civil actions, most of which were dismissed as frivolous or for failure to state a claim. *See Austin v. Kaawa*, 1:10-cv-00693-SOM; *Austin v. Papa John's Pizza*, 1:11-cv-00683-DAE-RLP; *Austin v. Stevens*, 1:11-cv-00690 SOM, *Austin v. Van Winkle*, 1:11-cv-00691 SOM, *Austin v. Tyler*, 1:11-cv-00692 JMS, *Austin v. Padilla*, 1:11-cv-00693 DAE, *Austin v. Momoa*, 1:11-cv-00707 DAE, *Austin v. Mail Room*, 1:11-cv-00708 JMS.

Plaintiff's seeking such status with the appellate court if that court rules that Plaintiff may appeal.

### III. Conclusion

Plaintiff's February 15, 2012 letter is construed as a Motion for Extension of Time to Appeal and is DENIED. Because this court finds that any appeal in this action would be frivolous and not taken in good faith, Plaintiff's *in forma pauperis* status is REVOKED. *In forma pauperis* on appeal is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 24, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Austin v. corr'l Officer Van Winkle*, Civ. No. 11-00691 SOM; ORDER DENYING MOTION TO EXTEND TIME TO APPEAL AND REVOKING IN FORMA PAUPERIS STATUS; psas\Non-dsp Ords\dmp 2012 Austin 11-691 som (m.ext time to appeal)